IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Francisco Martinez, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Larry W. Powers, )<br>and Medical Staff of )<br>Spartanburg Detention )<br>Center, )<br>)<br>Defendants. )<br>) | Civil Action No. 8:08-2716-CMC-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment (Dkt. # 17) and the plaintiff's motion for a declaratory judgment (Dkt. # 22).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed this action on July 30, 2008, seeking damages for alleged civil rights violations  On December 19, 2008, the defendants filed a motion for summary judgment. By order filed December 22, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 30, 2008, the plaintiff filed a response opposing the defendants' summary judgment motion. Then, on June 30, 2009, the plaintiff filed a motion for a declaratory judgment.

## I. FACTS

The plaintiff is incarcerated at the Spartanburg County Detention Facility ("SCDF"). In his complaint, the plaintiff alleges that in March 2008, he noticed a bump on his right knee which looked like a pimple. (Compl. at 3.) The next day, he states that his leg began to

swell from his knee down to his foot and he began experiencing spasms. (*Id.*) He alleges that he requested that an officer contact medical personnel, but the officer refused and told the plaintiff he would need to fill out a medical request form which he did. (*Id.*) The plaintiff states that the next day, he again requested medical attention, and again he was told to fill out another medical request form. (*Id.*) He states that after numerous requests, he was finally seen by the medical staff. (*Id.*)

He alleges the doctor checked him and sent him back to his dorm without any medication. (Compl. at 3.) He states after three or four days of unbearable pain, no sleep, and with an infection, he was finally given some pills on the fifth day. (*Id.*) After leaving medical, he states he noticed two more bumps - one on his left leg and the other on his buttocks. (*Id.*) He alleges he took the medication for two to three weeks without any positive results. (*Id.*) He states he continued to complain, but he was ignored. (*Id.*) He states another bump developed on his buttocks and he filled out additional medical request slips. (Compl. at 4.) He alleges the doctor lanced the bump on his buttocks, but after several other days numerous other bumps developed. (*Id.*) He states he was taken to the hospital and given the antibiotic Vancomycin through an I.V. (*Id.*) The plaintiff had an allergic reaction to the antibiotic and he was given another antibiotic. (*Id.*) The plaintiff was released three or four hours later and returned to the SCDF. He was given additional medication which he states his body rejected causing dizziness and vomiting. (*Id.*) He alleges he told medical personnel about the reaction, but he was told that was side effects of the medication. (Compl. at 4.) He alleges medical personnel would not change him to a different medication and he finally stopped taking the medication. (*Id.*)

The plaintiff alleges he suffered pain and has sores on his body as a result of the medical personnel's delay in treating him. (Compl. at 5.) He is seeking a million dollars for actual and punitive damages. (*Id.*)

## II. APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

3

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## III. DISCUSSION

### A. Claims against the defendant Larry Powers

Liberally construing the complaint, the plaintiff is alleging a conditions of confinement claim and a claim of medical indifference against the defendant Larry Powers. First, the plaintiff complains about the unsanitary conditions at SCDF - "dirty showers, only changing clothes on Tuesdays and Fridays of each week, this includes bed linen and towel . . . " and the unavailability of cleaning products. (Pl.'s Mem. Opp. Summ.J. Mot. at 3.) Second, the plaintiff alleges that his medical treatment was delayed requiring him to be taken to the hospital. (*Id.* at 4.)

#### 1. Conditions of Confinement Claim

Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Farmer v. Brennan,* 511 U.S. 825(1994). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The

4

plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993). Further, the plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment. *Id.* at 1380-1381. To survive summary judgment, the plaintiff must show more than de minimis pain or injury.

The plaintiff has not presented any evidence that the defendant Powers was made aware of any deprivation of a basic need or health risk from the alleged unsanitary conditions at SCDF and disregarded this information. Accordingly, the plaintiff's conditions of confinement claim against the defendant Powers should be dismissed.

### 2. Medical Indifference Claim

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was

5

aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

First, it is undisputed that the plaintiff was given medical care. Viewing the complaint in a light most favorable to the plaintiff, at best, there was a delay in treating the plaintiff. And in fact, it appears the plaintiff is alleging only a claim based upon a delay in receiving treatment. (Pl.'s Mem. Opp. Summ. J. Mot. at 4, 5.)

"[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1188 (11th Cir.1994). A medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D. Va. 1995). Here, there is no medical evidence in the record nor any allegations regarding how any such delay in his treatment resulted in a detrimental effect or has caused the plaintiff a life-long handicap or permanent loss.

Furthermore, it is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately

6

interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the non-medical defendant Powers.

Additionally, a medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir .1994). Further, in the context of a medical indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison medical provider's performance, or was indifferent to a prison medical provider's constitutional violation. *Miltier*, 896 F.2d 848 at 854.

Applying these principles to the plaintiff's allegations, the undersigned concludes that he has failed to state a claim under the Eighth Amendment. Here, the plaintiff has presented no evidence that the defendant Powers was personally connected to the medical treatment the plaintiff received or that he had actual knowledge and disregarded a

7

substantial risk of serious injury to the plaintiff resulting from the alleged lack of medical care. The plaintiff states that on April 10, 2008, he filed an inmate request form with the medical staff and the Director Powers because his condition was getting worse. (Pl.'s Mem. Opp. Summ. J. Mot. at 2.) However, the only evidence in the record shows that the plaintiff filled out only requests for medical attention none of which were filed with the Director Powers. (Defs.' Mem. Supp. SUmm. J. Mot. Ex. B - Pl.'s Med. Records.) The plaintiff has also failed to provide any evidence demonstrating that a response by this defendant was inadequate and/or that his inaction caused any constitutional injury. Thus, the defendant Powers cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged lack of medical care or delay in providing medical care. Accordingly, it is recommended that the defendant Powers be dismissed.

**B. Medical Indifference Claims Against Medical Personnel**

The plaintiff has not named any individual medical personnel as a defendant. Rather he has named as a defendant the "Medical Staff" of SCDF. The use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, 2008 WL 2564779 (E.D.Va. 2008) Use of such a collective term has been found legally inadequate to name a "person" who can act "under color of state law." Because this defendant is not a person, it cannot have liability under § 1983, and should be dismissed.

**C. Plaintiff's Motion for a Declaratory Judgment**

The plaintiff has filed a motion for a declaratory judgment in which he seeks a declaration that he is being denied access to the courts. The plaintiff alleges that because the SCDF does not have a law library and no one to provide legal assistance to him, the court should declare that he has been denied access to the courts and order the SCDF to

"get in compliance" with *Bounds v. Smith*, 430 U.S. 817 (1977). To the extent that the plaintiff is raising a new claim, he has not filed any formal motion to amend his complaint to add a new claim. Furthermore, even if he did ask to amend his complaint to include this claim, the undersigned finds that he has failed to state a claim for denial of access.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . ." *Bounds*, 430 U.S. at 828. However, the right to a law library is not absolute. Critically, it "may be that a local jail designed to accommodate inmates for relatively short periods is under no obligation to provide access to the courts." *Strickler v. Waters,* 989 F.2d 1375, 1385 (4th Cir. 1993). "A local facility need not provide the same resources, much less the same quality or extent of resources, as must a state facility, because the expectation is that its occupants will be confined there only briefly and that they will have access to more extensive resources upon arrival at a state correctional facility." *Id.* at 1386; *see Cruz v. Hauck,* 515 F.2d 322, 333 (5th Cir. 1975) ("[I]n determining whether all inmates have adequate access to the courts, the district court need not consider those inmates whose confinement is of a very temporary nature or for purposes of transfer to other institutions").

Further, the right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey,* 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir. 1996). The plaintiff has not alleged any actual injury, such as a late filing of a court document or the dismissal of an

otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54. Accordingly, the undersigned recommends that the plaintiff's motion for declaratory judgment be denied.

## IV. **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 17) be GRANTED and the Plaintiff's Motion for a Declaratory Judgment (Dkt. # 22) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 13, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).